CATHERINE (KOHM) GERMER, Petitioner, *v.* ARTHUR GERMER, Respondent.

Domestic Relations Court of City of New York, Family Court, New York County, June 2, 1938.

No appearances.

PANKEN, J. This is a most difficult case to pass upon.

The problem which must be solved by the court is one in which the ordinary conventional relationships have been done violence to. The facts in the case are not such as one meets usually, yet with all that they appear too often, much too often.

The respondent is upwards of fifty-seven years of age, and was married to the aunt of his present wife, the petitioner, who had brought into the world two children, one evidently a mental defective. Upon the demise of the mother of his two children, he marries the petitioner, who had attained the fifth grade in public school and who at nineteen had been sent to the Good Sisters, Order of the Good Shepherd, with which order she remained for six months. She says frankly that that was " because she was a bad girl at home." Fortunately, no children were born to the respondent and petitioner as the result of their marriage. This observation is made because I am satisfied that the mental range of the petitioner is rather low. The marriage went on the rocks in 1926. It never should have been entered upon. If a certificate of good health and mental soundness were required before the license was issued, at the time the marriage was to be solemnized, I question very seriously whether such a license would have ever been issued. The respondent makes the lot of the judge, by his conduct, so much more difficult. He frankly admits that he is living with some other woman by whom he has two children, one nine and one five years of age. Aside from all this, there is a history of convictions; and also interests by any number of social service agencies in this group, which because of requirements of language must be referred to as " family unit."

The question to be determined by me is whether or not the petitioner is entitled to support from the respondent despite the facts as they exist. Petitioner is entitled to support from the respondent even though the respondent has obligated himself to children by a meretricious relationship. Petitioner has been living with another man, not her husband; has been employed with that man as husband and wife as superintendents of a building; she still is living with that man.

It has repeatedly been held by the courts of the State that a person may not obtain a decree of divorce from his spouse if that person himself is guilty of adultery.

The respondent cannot complain of the petitioner because of her relationship with a strange man, with whom she lives as man and

wife, since he also is living in open adultery and the woman has brought him two children.

By analogy, the determination of the courts of the State that a person guilty of adultery cannot obtain affirmative relief from a spouse, even though the spouse is also guilty of adultery, it would seem that a person charged in law with an obligation to support his wife cannot relieve himself of that obligation because of her adultery, when he is living in adultery. The rule of law is based on public policy. Aside from that, if the respondent were to be relieved of making provision for the petitioner, the burden would fall upon the community. She evidently is not able to earn a living by her own efforts. She may have physical strength, but, nevertheless, appears to be industrially incapacitated.

The only other question to be determined by me is whether or not the support she receives from her paramour is adequate to relieve the community from supporting her. If that be so, I should hold that there would be no obligation on the respondent to support her.

The Domestic Relations Court Act provides that the basis of an order for support of a dependent is the income of the person chargeable no matter whence it comes. If the petitioner is supported adequately by her paramour, even though the basis of that support is immoral, she, nevertheless, is being supported.

It has been held by the courts in this land uniformly that income is taxable regardless of its origin. By analogy, no matter how the petitioner is supported, and because of that she is not likely to become a public charge, and an order requiring the person chargeable with her support would do violence to decency, such an order would be against public policy.

Upon all of the evidence in the case before me, I find that the respondent being unable to complain of the conduct of his wife because of his own misconduct and the support received by the petitioner from her present source being inadequate, order herein may be made requiring the respondent to contribute in accordance with her present needs.